# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MARLON GREEN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-2159-N-BK |
| | § | |
| HARTFORD INSURANCE, | § | |
|     Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. On August 15, 2017, Plaintiff, a *pro se* litigant residing in Denton, Texas, filed a complaint against Hartford insurance, alleging civil rights violations stemming from a state municipal court proceeding pending in Sherveport Louisiana, related to an automobile accident in St. John the Baptist Parish, Louisiana. Doc. 3 at 1; Doc. 3 at 8-32 (attachments to complaint). In response to the Court's deficiency order, on September 5, 2015, Plaintiff filed an amended complaint along with a *Petition for Damages*. Subsequently, on September 7, 2017, Plaintiff filed a *Petition for Damages* that includes a *Motion for Restraining and Protective Order*. Doc. 9 at 1-2. In support of the latter, he asserts:

> Because of fraudulent and abusive practices I would like to put a protective or restraining order to protect from harm done by the defendants' actions. The Civil District Court New Orleans at 421 Loyola Street New Orleans Louisiana 70112, and Shreveport Civil Court, Caddo Parish, 1244 Texas Ave. 71101. Derek Morel has attacked my credit by sending false information to Department of Motor Vehicles, Department of Licensing, and Department of Insurance, of Louisiana. Derrick Morel, Brian Barber, and Lori Graham have violated Civil, And Human Rights, they have committed multiple transactions at Mr. Green's expense. They have my social security number and has sent petitioners names to collections agencies, creating multiple transactions at petitioners' expense. The State Bar, and Judicial complaints have been made. Place restraint orders on all people named in the document, including lower courts and their agents, 3rd parties who act on their behalf.

Doc. 9 at 2. The Court construes that motion, at least in part, as an application for a temporary restraining order.

Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1). In this instance, Plaintiff, who is acting as his own attorney, has failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result. Nor has he certified in writing any efforts made to give notice to the Defendant and the reasons why notice should not be required before a temporary restraining order is issued.

Thus, Plaintiff having failed to comply with the legal requirements for the issuance of the same, his motion for a restraining order, should be **DENIED**.

**SIGNED** September 8, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE