IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARLON GREEN,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:17-CV-2159-N-BK** |
| § | |
| **HARTFORD INSURANCE,** § | |
| § | |
| Defendant. § | |

# ORDER

On September 8, 2017, United States Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10), recommending that the court deny Plaintiff's Motion for Restraining and Protective Order (Doc. 9), filed September 8, 2017. Plaintiff Marlon Green ("Plaintiff" or "Green"), who is proceeding *pro se*, did not file objections to the Report. After reviewing the motion, pleadings, file, Report, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **denies** Plaintiff's Motion for Restraining and Protective Order (Doc. 9).

The court further concludes that this case, in the interest of justice, should be transferred to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1406(a), notwithstanding Plaintiff's assertion that venue is proper in this district. A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). *See Caldwell v. Palmetto State Savings Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (explaining that a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

Green initiated this action on August 15, 2017, against Hartford Insurance, alleging civil rights violations. Green was granted leave on August 21, 2017, to proceed *in forma pauperis*, but process has not yet issued because the case is subject to preliminary screening. Green's claims for civil rights violations stem from state court proceedings in Shreveport and Orleans Parish, Louisiana, and pertain to an automobile accident that occurred in La Place, Louisiana. Shreveport is located in Caddo Parish, which lies in the United States District Court for the Western District of Louisiana, and Orleans Parish is located in the United States District Court for Eastern District of Louisiana, New Orleans Division. 28 U.S.C § 98(a) and (c). La Place, Louisiana, is located in John the Baptist Parish and lies within the Eastern District of Louisiana. 28 U.S.C § 98(a); Doc. 3 at 1, 8, 11, 32; Doc. 13 at 1.

While Green contends that venue is appropriate in the Dallas County because he lives, lost wages, and endured "pain and suffering" in Texas, Doc. 13 at 2, he resides in Denton County, Texas, which is located in the Eastern District of Texas, Sherman Division. 28 U.S.C. § 124(c)(3). Plaintiff did not provide Defendant's address for service of process, and instead submitted only the names and phone number of Defendant's attorneys, who are located in Metairie, Louisiana, which is also

within the boundaries of the Eastern District of Louisiana. Doc. 13 at 2. Venue is, therefore, proper in the Eastern District of Louisiana, not the Northern District of Texas.

Accordingly, in the interest of justice, the court *sua sponte* **transfers** this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of Louisiana, New Orleans Division, where the automobile accident that forms the basis for Plaintiff's claims occurred and one of the related state court actions is pending. The clerk of the court **shall** effect the transfer in accordance with the usual procedure.

**It is so ordered** this 29th day of September, 2017.

David C. Godbey
United States District Judge